<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**FILED**
JAMES J. WALDRON, CLERK

August 28, 2014

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: /s/ Nelson Dos Santos, Deputy

|  |  |
|---|---|
| IN RE: | CHAPTER 7 |
| Michael Checchi and Donna Checchi, | |
| Debtor. | CASE NO.:  14-15839  (NLW) |
|  | <u>**MEMORANDUM OPINION**</u> |

**Before:**     **HON. NOVALYN L. WINFIELD**

<u>**A P P E A R A N C E S :**</u>

Leonard C. Walczyk, Esq.
Wasserman, Jurista & Stolz, PC
225 Millburn Avenue, Suite 207
PO Box 1029
Millburn, NJ 07041
Attorneys for Debtors

Jeffrey S. Dubin, Esq.
Jeffrey S. Dubin, PC
464 New York Avenue, Suite 100
Huntington, NY 11743
Attorney for Sheet Metal Workers Local
Union No. 28 Trust Funds

This matter came before the Bankruptcy Court on a motion by debtors Michael and Donna Checchi ("Debtors") under 11 U.S.C. § 522(f)(1)(A) to avoid judgment liens as impairing debtor's exemptions in certain personalty and both of their real properties. Creditors Sheet Metal Workers' National Pension Fund ("Pension Fund"); National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry ("NEMIC"); Sheet Metal Occupational Health Institute Trust ("SMOHIT"); International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"); and National Stabilization Agreement of the Sheet Metal Industry Fund ("SASMI"), (collectively, "Benefits Funds") and creditors, Board of Trustees of the Sheet Metal Workers International Association Local Union No. 28 Trust Funds ("Local 28 Benefits Funds") filed an objection. The court has jurisdiction over this matter under 11 U.S.C. § 1334(b) and the Standing Orders of Reference entered on July 23, 1984 and September 18, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

Michael Checchi and Donna Checchi ("Debtors") filed a joint Chapter 7 petition on March 27, 2014. Among the assets listed on Schedule A were two real properties in New Jersey: 52 Danebury Downs in Upper Saddle River (identified as the residence on the first page of the petition) and 156 Davies Avenue in Dumont. Both properties were scheduled as jointly owned and over-encumbered by mortgages. The Debtors relied on broker price opinions from Sotheby's International Realty ("Sotheby's") to establish market value. The Funds have challenged the Debtors' reliance on the broker price opinions, but as they have submitted no counter valuations, and as Sotheby's is a prominent and well known firm, I accept the market values provided for the properties. The Debtors scheduled 52 Danebury as having a value of $880,000, with mortgages totaling $1,299,377. The property at 156 Davies is valued at $350,000 with mortgages of $351,486.

In a case filed after April 1, 2013, under Bankruptcy Code § 522(d)(1) joint debtors are each entitled to a homestead exemption of $22,975.00, producing an aggregate exemption of $45,950.00. Additionally, under § 522(d)(5) (the so-called wildcard exemption) each debtor is entitled to an exemption of $1,225, plus up to $11,500 of any unused amount of the homestead exemption. Thus, if the homestead exemption is not claimed, the § 522(d)(5) exemption for joint debtors, in the aggregate, can amount to $25,450.

On their original Schedule C, the Debtors applied the wildcard exemption to personalty which they valued at $22,460.91, leaving $2,989.09 of the § 522(d)(5) exemption unused. Curiously, the Debtors' Schedule C was silent as to what exemption, if any, was applied to either parcel of real property. Both parcels were identified on Schedule C, and § 522(d)(1) was elected as the basis for exemption, but under the column entitled "Value of Claimed Exemption" the Debtors claimed $ -0-.

Subsequently, the Debtors filed a motion under Code § 522(f)(1) to avoid the judgment liens of the Benefits Funds, the Local 28 Benefits Funds and Erlin of Long Island. In their motion, the Debtors asserted a homestead exemption of $45,950 as the basis to avoid the judicial liens on both 52 Danebury Downs and 156 Davies Avenue. The Benefits Funds and Local 28 Benefits Funds objected to the Debtors' motion on various grounds, including a well-supported argument that the Debtors could not apply the homestead exemption to both 52 Danebury Downs and 156 Davies Avenue. The Debtors responded that 52 Danebury was in foreclosure and that they intended to move into the 156 Davies Avenue property, leaving unaddressed the issues of (i) whether a Debtor may have more than one residence for purposes of applying the § 522(d)(1) homestead exemption, and (ii) whether a Debtor may claim the exemption in property in which the Debtor did not reside at the time of filing for bankruptcy. The court heard oral argument on

3

June 30, 2014 and directed the parties to brief *In re Stoner*, 487 B.R. 440 (Bankr. D.N.J. 2013) on the issue of "constructive occupancy," a common law doctrine, allowing a debtor in some circumstances to claim the Code § 522(d)(1) homestead exemption in property the debtor did not occupy on the petition date. The response was due by August 18, 2014.

The Debtors responded with a different approach. The Debtors filed an amended Schedule C which sets forth an exemption of – 0 – under § 522(d)(1) for the property at 52 Danebury Downs, and a § 522(d)(5) exemption amount of $2,450 for the 156 Davies Avenue property. On amended Schedule C the Debtors' total § 522(d)(5) exemptions remain at $22,460.91, still below the maximum wildcard exemption of $25,450.[1] In short, despite the now claimed wildcard exemption for 156 Davies Avenue, the Debtors have not exceeded the $25,450.00 maximum § 522(d)(5) exemption.

The Debtors then applied the formula in Code § 522(f)(2) for calculating impairment to 156 Davies Avenue and concluded that they are entitled to avoid all three judgment liens. Code § 522(f)(2) provides in pertinent part:

> (2) (A) For the purpose of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of ---
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation

---

[1] On their original Schedule C the Debtors claimed § 522(d)(5) exemption of $8,500 for a mink coat. On amended C the claimed exemption for the mink coat was reduced by $2,450.00 to $6,500.00.

4

under subparagraph (A) with respect to other liens.

11 U.S.C. § 522(f)(2)(A) and (B). "[E]ach lower priority lien is avoided until the sum of all remaining liens, non-avoidable as well as potentially avoidable liens, plus the exemption amount, does not exceed the value of the property." *In re Heaney*, 453 B.R. 42, 49 (Bankr. E.D.N.Y. 2011).

Starting with the most junior judgment lien, that of Local 28 Benefits Funds in the amount of $3,333,614.00, Code § 522(f)(2) applies as follows:

|   | Amount | Description |
|---|---|---|
|   | $3,331,614.00 | Judgment lien of Local 28 Benefits Funds |
| + | $351,486.00 | Mortgages |
| + | $991,756.00 | Judgment liens of Erlin of Long Island and Benefits Funds |
| + | $2,450.00 | § 522(d)(5) exemption |
|   | $4,677,360.00 | Total of liens and exemptions |
| − | $350,000.00 | Claimed market value of 156 Davies Avenue |
|   | $4,327,306.00 | Amount of impairment |

Therefore the lien of Local 28 Benefits Funds in the amount of $3,333,614.00 may be avoided in its entirety.

Moving to the middle priority judgment lien, that of Erlin of Long Island in the amount of $68,857.00, Code § 522(f)(2) applies as follows:

|   | Amount | Description |
|---|---|---|
|   | $68,857.00 | Erlin of Long Island judgment lien |
| + | $351,486.00 | Mortgages |

5

| | | |
|---|---|---|
| + | $922,899.00 | Benefits Funds judgment lien |
| + | $2,450.00 | § 522(d)(5) exemption |
| | $1,345,692.00 | Total Liens and exemptions |
| - | $350,000.00 | Claimed market value of 156 Davies Avenue |
| | $995,692.00 | Amount of impairment |

Therefore the lien of Erlin of Long Island in the amount of $68,857.00 may be avoided in its entirety.

Finally, applying Code § 522(f)(2) to the most senior judgment lien of Benefits Funds in the amount of $922,899.00 still results in impairment of the Debtors' Code § 522(d)(5) exemption:

| | | |
|---|---|---|
| | $922,899.00 | Benefits Funds judgment lien |
| + | $351,486.00 | Mortgage Liens |
| + | $2,450.00 | § 522(d)(5) exemption |
| | $1,276,836.00 | Total liens and exemptions |
| - | $350,000.00 | Claimed market value of 156 Davies Avenue |
| | $926,835.00 | Amount of impairment |

Therefore the lien of Benefits Funds in the amount of $922,899.00 is avoided in its entirety.

Thus, assuming that the exemption established by § 522(d)(5) applies to real property, it is evident that the above judgment liens may be avoided. The language of Code § 522 (d)(5) limits only the maximum amount of the exemption that can be claimed and does not impose any restriction on the type of property to which it can be applied. It permits exemption of:

6

> The debtor's aggregate interest in *any* property, not to exceed in value $1,225 plus up to $11,500 of any unused amount of the exemption provided under paragraph (1) of this subsection.

11 U.S.C § 522(d)(5) (emphasis added).[2] Thus courts have determined that Code § 522(d)(5) can be applied to real property owned by the debtor but not used as a residence. *Matter of Eldridge*, 15 B.R. 594, 595 (Bankr. S.D.N.Y. 1981) (that the debtors didn't reside in their Florida house was irrelevant to the exemption claimed); *In re Hilbert*, 12 B.R. 434, 436 (Bankr. E.D. Pa. 1981) (phrase "any property" in § 522(d)(5) includes real property "owned by debtor but not used as his residence").

The determination that the Code § 522(d)(5) exemption can be applied to non-residential real property is also in keeping with the "fresh start" purpose of bankruptcy law in general, and Code § 522 in particular. Further, courts have construed exemptions liberally in furtherance of this purpose. *In re Vaillancourt*, 260 B.R. 66, 69 (Bankr. D.N.H. 2001); *In re Stoner*, 487 B.R. 410, 420 (Bankr. D.N.J. 2013); *In re Graff*, 457 B.R. 429, 431 (Bankr. W.D. Pa. 2011). In light of the plain language of § 522(d)(5) and the fact that the exemptions claimed by the Debtors are well within the maximum exemption permitted by § 522(d)(5) the court concludes that the Debtors may claim a § 522(d)(5) exemption in 156 Davies Avenue and may employ § 522(f)(2) to avoid the judgment liens of the Benefits Funds, Erlin of Long Island and Local 28 Benefits Funds.

Dated: August 27, 2014        ___/S/_____
                              NOVALYN L. WINFIELD
                              United States Bankruptcy Judge

---

[2] §522(d)(5) is termed the wildcard exemption "because unlike the other exemption provisions, it may be applied to 'any property.'" *In re Miller*, 198 B.R. 500, 504 (Bankr. N.D. Ohio 1996).